IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ENAEBI TEIBOWEI,<br><br>            Plaintiff,<br><br>     v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>            Defendant. | **8:22CV1**<br><br>**ORDER** |

      This matter is before the Court on plaintiff Enaebi Teibowei's ("Teibowei") pro se motion (Filing No. 8) wherein he asks the Court to either dismiss his case without prejudice, or in the alternative, to provide him an additional "60 days to find a lawyer to represent" him. *See* Fed. R. Civ. P. 41(a)(2) (providing that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper").

      Before Teibowei filed his motion, defendant IQ Data International, Inc. ("IQ Data") filed a Motion to Dismiss (Filing No. 6), explaining that this is Teibowei's third attempt at filing a claim against it. In Teibowei's earlier state-court action, *see Teibowei v. IQ Data International, Inc.*, Case No. SC21-479, IQ Data filed a motion to dismiss, and Teibowei responded by voluntarily dismissing his claim. Teibowei refiled in this Court less than one month later and again voluntarily dismissed his claim.[1] *See Teibowei v. IQ Data, International, Inc.*, Case No. 8:21-cv-00428. IQ Data contends it "has faced unnecessary defense costs" related to these actions and now asks that Teibowei pay the costs of its defense.

---

[1] In Case No. 8:21-cv-00428, Teibowei was represented by counsel. He asserts in his present motion that he has "been unable to find a lawyer to represent" him.

The Court is wary about granting Teibowei's third voluntary dismissal but understands he is proceeding pro se and will give him *some* leeway. Although the Court could order Teibowei to pay IQ Data's costs and fees, it will not take such action yet. *Cf. Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) ("In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit."). Instead, the Court will grant Teibowei's motion (Filing No. 8) without prejudice but warns Teibowei that if he refiles a subsequent claim against IQ Data on the same grounds, this Court will likely require him to pay IQ Data's costs and reasonable attorney fees incurred in filing another motion to dismiss. Accordingly,

IT IS SO ORDERED.

Dated this 25th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge